# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

ANTOINETTE SCOTT                                                          PLAINTIFF

v.                                                      CIVIL ACTION NO. 3:17-CV-064-RP

NANCY A. BERRYHILL, Acting Commissioner                                  DEFENDANT
of Social Security

## ORDER

This matter is before the court on Defendant's Motion to Alter or Amend Judgment

requesting a judgment affirming the Commissioner's decision denying benefits.  Docket 23.  The

Commissioner takes issue with the Court's ruling that the ALJ's finding of severe nonexertional

impairments at Step Two precluded the ALJ's reliance solely on the Medical-Vocational

Guidelines at Step Five and required the ALJ to obtain vocational expert testimony.  However,

this was the precise holding of the Fifth Circuit in *Loza v. Apfel,* 219 F.3d 378, 399 (5th Cir.

2000) and again in *Hearne v. Barnhart,* 111 Fed.Appx. 256, 257-58 (5th Cir. 2004), cases upon

which this Court expressly relied in its decision but which the Commissioner does not

distinguish or otherwise mention in its motion.  The Commissioner cites instead *Guillory v.*

*Barnhart,* 129 Fed.Appx. 873, 874 (5th Cir. 2005), in which the Fifth Circuit held that although

the claimant's nonexertional impairments, in conjunction with her physical impairments, were

found to be severe at Step Two, the ALJ properly relied solely on the Medical-Vocational

Guidelines to find the claimant not disabled at Step Five.   Plaintiff argues that insofar as the

unpublished opinion in *Guillory* conflicts with the published opinion in *Loza*, *Loza* controls.  The

Court agrees.

The undersigned acknowledges the Fifth Circuit has rendered decisions that appear inconsistent with the holdings in the *Loza* line of cases that a finding of a severe impairment at Step Two precludes reliance solely on the Medical-Vocation Guidelines at Step Five. In fact, in a recent opinion of this Court, Magistrate Judge David Sanders conducted an in-depth discussion of the competing lines of cases and concluded there are circumstances, such as those present in his case at hand, in which vocational expert testimony is not required at Step Five despite a finding of severe nonexertional impairments at Step Two. *Smith v. Commissioner*, No. 3:17CV63-DAS, 2018 WL 3463278 (N.D. Miss. July 18, 2018). Judge Sanders stated, "When considering the impact of nonexertional impairments, the Grids will apply so long as those impairments do not 'significantly interfere' with the claimant's ability to perform a full range of work at an exertional level." *Smith*, 2018 WL 3463278, *7 (quoting *Loza*, 219 F.3d at 399). Judge Sanders concluded that because substantial evidence supported a finding that the claimant was able to perform a "full range" of medium work, application of the Grid Rules in that particular case was not error. *Smith*, 2018 WL 3463278, *8.

> In a similar vein, the Fifth Circuit in *Fields v. Bowen* stated:
>
> This Circuit has consistently held that once the ALJ determines that a claimant suffers from a nonexertional impairment that prevents her from performing her past work and the ***full range*** of other available work, the secretary must produce "expert vocational testimony or other similar evidence" to establish that jobs exist in the national economy that the applicant can perform.

805 F.2d 1168, 1170 (5th Cir. 1986) (emphasis added) (citations omitted). *See also White v. Astrue*, 239 Fed.Appx. 71, 73-74 (5th Cir. 2007) (affirming ALJ's reliance on Grid Rules where claimant's pain-producing conditions – which claimant claimed constituted nonexertional impairments – resulted in only exertional limitations that did not prevent claimant from performing full range of light work).

In the present case, the ALJ found severe nonexertional impairments and assessed nonexertional functional limitations due to those impairments, thereby limiting plaintiff to unskilled light work, which certainly is less than the full range of light work. According to virtually all Fifth Circuit jurisprudence, in these circumstances the severe nonexertional impairments significantly affect the plaintiff's RFC, and the ALJ was prohibited from relying solely on the Grid Rules at Step Five and was required to obtain vocational expert testimony to establish the existence of other work that the plaintiff could perform. Defendant's Motion to Alter or Amend Judgment is therefore DENIED.

**SO ORDERED**, this the 22nd day of August, 2018.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE